UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-794-FDW-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DANIEL HEGGINS (a/k/a Tebnu El Bey), | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the United States' Motion to Dismiss Heggins' Claims (Doc. No. 15) for lack of subject matter jurisdiction and the United States' Motion for Judgment on the Pleadings (Doc. No. 17). Because Defendant appears *pro se*, the Court issued Roseboro notices (Doc. Nos. 16 and 18) informing Defendant of the burden he carries in responding to the Government's motions. Defendant responded (Doc. Nos. 19 and 20), and this matter is now ripe for review. For the following reasons, the Court GRANTS the Government's Motion to Dismiss and Motion for Judgment on the Pleadings and enters a Permanent Injunction against Defendant.

## I. BACKGROUND

This case arises out of a 2015 criminal case in which Defendant pled guilty to conspiracy to defraud the United States. In the Factual Basis supporting Defendant's guilty plea, he admits to promoting and implementing a tax fraud scheme based on filing fake IRS forms. See United States v. Heggins, 3:15-cr-127-MOC-DCK (W.D.N.C.) (Doc. No. 58). The scheme derives from "Redemption" theory, which, as the Third Circuit has explained:

1

> "propounds that a person has a split personality: a real person and a fictional person called the "strawman." . . . Redemptionists claim that government has power only over the strawman and not over the live person . . . . Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name.

Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir.2008). Redemptionists further claim that "[w]henever a person's name is written in total capitals . . . , only the strawman is referenced, and the flesh and blood person is not involved." McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (citation omitted).

Defendant is currently incarcerated and is scheduled for release from prison in 2018. Based on his admitted criminal conduct and guilty plea, the Government initiated this civil action under 26 U.S.C. ("I.R.C.") §§ 7402(a), 7407, and 7408, seeking to enjoin Defendant from, *inter alia*, engaging in and profiting from the promotion of future tax fraud schemes as well as preparing tax returns for others.[1]

In his Answer to the Government's Complaint, which Defendant titles "Affidavit of Treason, Criminal Trespass and Claim" (Doc. No. 13), and his other filings, Defendant insists that he is not subject to the laws of the United States based on his nationality in the "Moorish Science Temple of America" and "Washitaw Nation of Muurs." He also presents other tax defier arguments based on Redemption theory, including that the Complaint is defective as it only encompasses his "artificial being," that the Uniform Commercial Code ("U.C.C.") bars this action for injunctive relief, and that the Government failed to produce facts and evidence proving its case against Defendant. Defendant appears to assert counterclaims and a purported third party

---

[1] Two other Defendants pled guilty to assisting Defendant Heggins in the tax fraud scheme and have agreed to consent injunctions, which the Court entered on November 21, 2016. (Doc. Nos. 5 and 7).

complaint for $300 million against the United States, its agencies, and this Court for "criminal trespass," "treason to the federal Constitution," and various other Constitutional and "statutory felonies."[2]

## II. ANALYSIS

### A. Government's Motion to Dismiss

The Government filed a Motion to Dismiss Defendant's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) based on the doctrine of sovereign immunity. "The existence of subject matter jurisdiction is a threshold issue, which the court must address before considering the merits of [the case]." Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The party seeking to invoke the jurisdiction of the court has the burden of establishing the existence of jurisdiction. Id.

"A suit to recover damages against the United States without its consent is barred by the doctrine of sovereign immunity," Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *4 (M.D.N.C. Apr. 3, 2013) (citing United States v. Mitchell, 463 U.S. 206, 212 (1983), and a waiver of immunity must be "unequivocally expressed" in an act of Congress, United States v. Mitchell, 445 U.S. 535, 538 (1980). Absent a clear waiver, the Court lacks jurisdiction over the claims against the Government and its employees. Id.; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (explaining that a suit against an official of the government in the officer's official capacity is considered a suit against the government).

---

[2] It is unclear whether Defendant is demanding $300 million or threatening to seek this amount should the Government and Court fail to rebut the factual statements in his pleading. Defendant's claim fails either way. In addition, to the extent Defendant seeks damages for "misprision" as a result of his conviction, or claims that he signed his plea agreement "under threat, duress, and coercion" (Doc. No. 19), this action is the incorrect proceeding to do so. See, e.g., United States v. Dolentz, 2011 U.S. Dist. LEXIS 105747, *9-10 (N.D. Tex. Jun. 16, 2011).

Here, Defendant has not demonstrated that the United States has waived its sovereign immunity and consented to jurisdiction over his counterclaims. Likewise, to the extent Defendant asserts a third-party complaint against this Court, his claims are barred by judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Accordingly, the Court lacks subject matter jurisdiction over Defendant's counterclaims and purported third-party complaint, and the Government's Motion to Dismiss is granted.

## B. Government's Motion for Judgment on the Pleadings

The Government has also moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and entry of a permanent injunction against Defendant pursuant to I.R.C. §§ 7402, 7407, and 7408.

### 1. Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial—a party may move for judgment on the pleadings."[3] In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004). The court, however, need not "accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Ultimately, judgment on the pleadings should be granted "if the movant is entitled to judgment as a matter of law." Id. "[T]he court is to consider the answer as well as the complaint," id., and may also take judicial notice of and rely

---

[3] The Court's granting of the Government's Motion to Dismiss in this Order closes the pleadings.

upon public records, including documents from a related criminal case, Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014).

## 2. Collateral Estoppel

Factual findings from a related criminal case may collaterally estop a litigant from contesting facts in a related civil proceeding. Emich Motors Corp. v. Gen. Motors Corp., 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding." (citations omitted)). Specifically, "a defendant is precluded from retrying issues necessary to his plea agreement in a later civil suit." United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987).

Here, not only does Defendant fail to deny the factual allegations against him, he is collaterally estopped from doing so because he admitted to those facts in his criminal plea agreement.[4] The allegations in this civil complaint arise from the same conduct and mirror the facts that formed the basis of his guilty plea in 2015. Compare Factual Basis in Criminal Case (Docket No. 3:15-cr-127-MOC-DCK, Doc. No. 58) with Complaint in Civil Case (Docket No. 3:16-cv-794-FDW-DCK, Doc. No. 1). Moreover, Defendant had the opportunity to litigate and dispute these facts in his criminal case, and the facts were necessary both to his criminal conviction and as the basis for a civil judgment in this case. Accordingly, because defendant is collaterally estopped from contesting the facts alleged against him here, judgment on the pleadings is appropriate.

The majority of Defendant's defenses and arguments in opposition revolve around his claim that he is not subject to the laws of the United States based on his status as a Moorish

---

[4] The Court takes judicial notice of the record in Defendant's criminal case, Docket Number 3:15-cr-127-MOC-DCK.

American or member of the Washitaw Nation. Courts, however, have repeatedly rejected similar arguments as baseless and frivolous. See, e.g., United States v. Burris, 231 F. App'x 281, 282 (4th Cir. 2007) (describing the defendant's claim that "the court lacks jurisdiction because of his status as a Moorish American National" as "patently frivolous"); Caldwell v. Wood, 3:07cv41–RJC, 2010 WL 5441670 at *17 (W.D.N.C. Dec. 28, 2010) ("The suggestion that Petitioner is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish–American' nation is ludicrous."); Sanders–Bey v. United States, 267 F. App'x 464, 466 (7th Cir. 2008) (finding that the Washitaw Nation "is not recognized by the United States government").

Defendant's other Redemptionist theory arguments, including that the Complaint is defective because it misspells his name or that the U.C.C. bars this action for injunctive relief, are also baseless. Ferguson-El v. Virginia, No. 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011); United States v. Majhor, No. 10-544-MO, 2010 WL 3522382, at *1 (D. Or. Sept. 3, 2010) (rejecting the defendant's argument that she was not the "fictitious Entity" identified in the complaint); Bullock v. IRS, No. 1:12-CV-2266, 2014 U.S. Dist. LEXIS 54251, at *22 (M.D. Pa. Jan. 3, 2014) (rejecting the "idiosyncratic view that the Internal Revenue Service must comply with the provisions of the [U.C.C.] before attempting to collect a tax debt"). Likewise, Defendant's argument that the Government has failed to produce facts and evidence to support its allegations is misplaced because the Government is not required to present admissible evidence with its Complaint or prove facts alleged in its initial pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

3. **Permanent Injunction**

To prevent Defendant from blatantly violating tax laws, the Government seeks to permanently enjoin Defendant from preparing tax returns and engaging in other specified conduct pursuant to I.R.C. §§ 7402, 7407, and 7408.

### i. I.R.C. § 7407

Section 7407 of the I.R.C. vests the Court with authority to enjoin a "tax return preparer from . . . further acting as a tax return preparer" if: (1) he has "engaged in any conduct subject to penalty under section 6694 or 6695, or subject to any criminal penalty provided by [Title 26]," "misrepresented his experience or education as a tax return preparer," or "engaged in any other fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws; (2) "injunctive relief is appropriate to prevent the recurrence of such conduct"; and (3) he has "continually or repeatedly engaged in [the proscribed conduct]," and a more limited injunction would not be sufficient to prevent his interference with the proper administration of the internal revenue laws. Id. § 7407.

The first issue is whether Defendant is a "tax return preparer," which the I.R.C. defines as "any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by this title or any claim for refund of tax imposed by this title." Id. § 7701(a)(36)(A). "[T]he preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such return or claim for refund." Id. This definition is broad in order to encompass "the person who makes the decisions and calculations involved in preparing a particular return . . . even if that person 'does not actually place the figures on the lines of the taxpayer's final tax return.'" Goulding v. United States, 957 F.2d 1420, 1424–

25 (7th Cir.1992) (quoting H.R.Rep. No. 658, 94th Cong., 2d Sess. 275, reprinted in 1976 U.S.C.C.A.N. 3171).

Here, the Government has demonstrated that Defendant is a tax return preparer. Defendant admitted in his criminal case that he recruited others to assist him with preparation and filing of fraudulent IRS Forms and tax returns, helped devise and implement the tax fraud scheme, and charged clients fees for preparation of fraudulent tax returns and participation in the scheme. (Factual Basis, 3:15-cr-127-MOC-DCK (W.D.N.C.) (Doc. No. 58)). He also founded and acted as the president and sole officer of the Guarantor Manufacturer Inc., the entity through which he operated the scheme. (Id.)

The Government has further demonstrated that Defendant is subject to the injunction under Section 7407. As more fully described in the Government's brief in this case (Doc. No. 17-1) and Defendant's Factual Basis in his criminal case, Defendant repeatedly engaged in enjoinable conduct described in Section 7407. Moreover, injunctive relief that completely bars Defendant from preparing tax returns is appropriate to prevent the recurrence of this egregious conduct. Defendant admitted to theft of millions of dollars from the U.S. Treasury by repeatedly claiming entirely fraudulent refunds on federal tax returns, he has a prior felony conviction for uttering and possessing forged and fraudulently made securities, and he is set to be released from federal prison in 2018. A narrower injunction enjoining specific forms of misconduct would not suffice to prevent his continued interference with the proper administration of the internal revenue laws. His insistence in this case that he is not bound by the laws of the United States, as well as his frivolous accusations against the Government and Court further demonstrate that an injunction completely barring Defendant from preparing tax returns is appropriate.

### ii. I.R.C. § 7408

Under Section 7408, if the Court determines that (1) a person has engaged in conduct subject to penalty under Sections 6700 or 6701, and (2) "injunctive relief is appropriate to prevent recurrence of such conduct," the Court "may enjoin such person from engaging in such conduct or in any other activity subject to penalty under this title." I.R.C. § 7408.

Section 6700 "pertains to the promotion of abusive tax shelters and subjects to penalty any person who makes false or fraudulent statements regarding the tax benefits of such a tax-avoidance scheme." United States v. Elsass, 978 F. Supp. 2d 901, 934 (S.D. Ohio 2013), aff'd, 769 F.3d 390 (6th Cir. 2014). To prove a violation of Section 6700, the Government must show:

> (1) the defendant[] organized or sold, or participated in the organization or sale of, an entity, plan, or arrangement; (2) [he] made or caused to be made, false or fraudulent statements concerning the tax benefits to be derived from the entity, plan, or arrangement; (3) [he] knew or had reason to know that the statements were false or fraudulent; [and] (4) the false or fraudulent statements pertained to a material matter.

United States v. Estate Pres. Servs., 202 F.3d 1093, 1098 (9th Cir. 2000).

Section 6701 penalizes any person who (1) aids, assists, or advises with respect to the preparation of any portion of a document, (2) "knows (or has reason to believe), that such portion will be used in connection with any material matter arising under the internal revenue laws," and (3) "knows that such portion (if so used) would result in an understatement of the liability for tax of another person." I.R.C. § 6701. Here, as more fully described in the Government's brief (Doc. No. 17-1), Defendant admitted in his guilty plea to the elements needed to show that he engaged in conduct subject to penalty under Sections 6700 and 6701. He is, therefore, collaterally estopped from contesting those facts here.

9

Injunctive relief is also appropriate to prevent recurrence of Defendant's misconduct. When making a determination about whether permanent injunctive relief is appropriate, courts consider:

> (1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation and his degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve him in such transactions; (4) the defendant's recognition of his own culpability; and (5) the sincerity of his assurances against future violations.

Abdo v. U.S. I.R.S., 234 F. Supp. 2d 553, 565 (M.D.N.C. 2002), aff'd, 63 F. App'x 163 (4th Cir. 2003) (citation and quotation marks omitted). Consideration of these factors here establishes that an injunction is necessary. Defendant's tax fraud scheme is among the most egregious forms of tax fraud, and Defendant sought fraudulent refunds exceeding $4 million. He personally organized and implemented the scheme, was the founder and president of the corporation used to implement it, and admitted to the scienter requirements for a criminal conviction. In this case, Defendant has failed to acknowledge his own culpability and continues to assert frivolous tax defier arguments and baseless claims for millions of dollars while refusing to recognize the authority of the courts and federal law. Given these facts, Defendant's criminal history, and his scheduled release from prison in 2018, an injunction under Section 7408 is necessary to prevent recurrence of Defendant's fraud.

### iii. I.R.C. § 7402

In addition to its powers under Sections 7407 and 7408, Section 7402 grants the Court broad authority to ensure effective operation of the tax laws by "render[ing] such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. . . in

addition to and not exclusive of any and all other remedies of the United States . . . to enforce such laws." I.R.C. § 7402(a). The language of Section 7402(a) "manifest[s] a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957). Section 7402(a) "has been used to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984).

Defendant's criminal convictions, admissions of guilt, and continued rejection of the authority of the laws of the United States show that the Government's requested injunction is necessary or appropriate to enforce his compliance with the internal revenue laws under Section 7402. Defendant fabricated, and instructed others to fabricate, information on federal income tax returns in order to steal from the U.S. Treasury for his own personal enrichment. Further, his conduct during this case shows that, despite his guilty plea, he does not believe that he is under any obligation to comply with federal law. Defendant cannot be trusted to engage in the kind of voluntary compliance that the tax system anticipates from law-abiding taxpayers.

IT IS THEREFORE ORDERED that, pursuant to I.R.C. §§ 7402, 7407, and 7408, Defendant Daniel Heggins (a/k/a/ Tebnu El Bey and Daniel Frank Heggins), and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him, are hereby permanently enjoined from directly or indirectly:

A.  Acting as a federal tax return preparer, preparing or filing federal tax returns, amended returns, and other related tax documents and forms for any entity or person other than himself;

B. Managing, supervising, or assisting others in the preparation or filing of federal tax returns, amended returns, and other related tax documents and forms for any entity or person other than himself;

C. Practicing before the Internal Revenue Service, as that term is defined in 31 C.F.R. 10.2(a)(4);

D. Representing any person or entity before the IRS other than himself;

E. Attempting to obtain or use an IRS preparer identification number (PTIN) or IRS electronic filing identification number (EFIN) for any purpose; and

F. Having any direct or indirect ownership interest in, profiting from, or working or volunteering for any business that prepares tax returns for others or represents taxpayers before the IRS.

IT IS FURTHER ORDERED, that pursuant to I.R.C. §§ 7402 and 7408, Heggins is permanently barred from assisting or advising anyone in connection with any tax matter for compensation or any promise of compensation.

IT IS FURTHER ORDERED, that pursuant to I.R.C. §§ 7402 and 7408, Heggins is permanently barred from directly or indirectly organizing, promoting, marketing, selling, or participating in any plan or arrangement that advises or assists taxpayers to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities based on false claims that:

A. Taxpayers can overstate federal income tax withholding, including by misuse of IRS Forms 1099-OID and Forms 1099-A;

B. Taxpayers can draw on the United States Treasury to pay debts, including tax debts, using Forms 1099-OID, Forms 1099-A, or other documents and filing false federal tax returns;

C. Taxpayers can issue false Forms 1099-OID to a creditor and report the amount of the false Forms 1099-OID as taxes withheld on their behalf;

D. Taxpayers have a secret account with the Treasury Department, which they can use to pay their debts or which they can draw on for tax refunds.

IT IS FURTHER ORDERED, that the United States may conduct post-judgment discovery to monitor Heggins' compliance with the terms of this injunction.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED, that for the reasons explained above:

1. The United States' Motion to Dismiss (Doc. No. 15) is GRANTED;
2. The United States' Motion for Judgment on the Pleadings (Doc. No. 17) is GRANTED;
3. A Permanent Injunction is entered against Defendant as set forth above; and
4. The United States Marshals Service shall personally serve this Order and Permanent Injunction by hand-delivery to Defendant Heggins and shall, thereafter, provide proof of service to the Court.

The Clerk is respectfully directed to close this matter.

IT IS SO ORDERED.

Signed: March 7, 2017

*Frank D. Whitney* (signature)

Frank D. Whitney
Chief United States District Judge